IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30494
Summary Calendar
_____


ELLIS GUILLOT,

Plaintiff-Appellee,

versus

ED DAY, ET AL

Defendants


ED DAY, Warden; M. R. WINSTEAD,
JR., LYN H. PIGOTT,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 94-CV-1832-A
- - - - - - - - - -
March 12, 1998
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Defendants Ed Day, Sgt. M.R. Winstead, Jr., and Lyn H.

Pigott appeal the magistrate judge's decision denying in part

their summary judgment motion based upon qualified immunity.  A

lower court's denial of a motion for summary judgment asserting

qualified immunity is immediately appealable under the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

collateral-order doctrine to the extent review is sought of an issue of law and not of the lower court's determination that sufficient evidence existed to create a question of fact or support the claim. Johnson v. Jones, 515 U.S. 304, 313 (1995); Nerren v. Livingston Police Dep't, 86 F.3d 469, 471-72 (5th Cir. 1996). This court reviews the magistrate judge's denial of a summary-judgment motion de novo. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 116 S. Ct. 800 (1996). "Movants may prevail only if they have demonstrated that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law." Id.

The magistrate judge understood Guillot's claims to be two-fold: (1) falsification of records by Winstead, which Guillot wished to complain of to Winstead's superiors and ultimately to litigate in court, and (2) retaliation by Winstead and Pigott because Guillot had grieved Winstead's actions.

Denial of access to the courts

It is not clear that the magistrate judge treated the first claim as a "denial-of-access-to-the-courts" claim, per se, as the parties argue on appeal. The magistrate judge cited no case law in her order related to such a claim; she instead explicitly relied upon case law espousing the scope of retaliation claims. The magistrate judge also stated only "that the retaliation claims would go to trial."

To the extent that Guillot seeks relief for denial of access to the courts, as we have previously held, Guillot has not alleged specific facts showing that his access to the courts has been denied or that his legal position has been prejudiced or that he suffered an actual injury. See Guillot v. Day, No. 95-31235 (5th Cir. Aug. 6, 1996); Lewis v. Casey, 116 S. Ct. 2174, 2179-80 (1996); Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992) (28 U.S.C. § 1915(d) dismissal). Although Guillot amended his complaint on remand, he again failed to alleged that his legal position had been prejudiced or that he had suffered an actual injury. Accordingly, Guillot has failed to state a claim for denial of access to the courts.

Retaliation

The elements of a retaliation claim are (1) the invocation of a specific constitutional right, (2) the defendant's intent to retaliate against the plaintiff for exercising that right, (3) a retaliatory adverse act, and (4) causation. Clarke v. Stalder, 121 F.3d 222, 231 (5th Cir. 1997). Prisoners enjoy a constitutional right to be free from harassment or retaliation for complaining to a supervisor about a guard's misconduct. Woods, 60 F.3d at 1164; see also Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986) (a guard "may not harass an inmate in retaliation for the inmate complaining to supervisors about the guard's conduct"); Ruiz v. Estelle, 679 F.2d 1115, 1154 (5th Cir.) (holding that prison officials were prohibited from

"retaliati[ng] against inmates who complain of prison conditions or official misconduct"), opinion amended in part and vacated in part, 688 F.2d 266 (5th Cir. 1982). The inmate must produce direct evidence of the defendants' motivation, or "allege a chronology of events from which retaliation may plausibly be inferred." Woods, 60 F.3d at 1166 (internal quotation marks and citation omitted). With respect to causation, Guillot must show "direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred." Id. (citation and internal quotation omitted). "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." Id. at 1165.

Winstead

We previously held that Guillot's pleadings contained specific allegations of a chronology of events regarding actions taken by Winstead from which it may be inferred that Winstead retaliated against Guillot for filing a grievance against him. Guillot, No. 95-31225, slip op. at 7. Accordingly, the magistrate judge did not err in denying summary judgment as to Winstead on the retaliation claim.

Pigott

Although this court previously held that Guillot had failed to allege sufficient facts of retaliation against Pigott, see id., the magistrate judge allowed Guillot to amend his complaint.

Guillot alleged that Pigott had retaliated against him when she rejected his grievances filed under the Administrative Remedy Procedure (ARP) and filed a disciplinary report against him for allegedly abusing the ARP procedure; he further alleged, based on "information and belief," that Pigott had complained that Guillot had "filed too many ARPs, causing more work for her" and that she had denied the ARP to punish him.

Guillot enjoys a constitutional right to be free from harassment or retaliation for complaining to a supervisor about a guard's misconduct. Woods, 60 F.3d at 1164. Guillot alleges that Pigott complained about Guillot having filed too many ARPs, and he relies on a letter from an attorney for the Secretary of Safety and Corrections to show Pigott's retaliatory intent. Whether Pigott's denial of Guillot's ARPs is objectively reasonable is in dispute. Accordingly, the magistrate judge did not err in denying summary judgment as to Guillot's alleged claim of retaliation against Pigott.

Finally, the appellants argue that the magistrate judge erred when she failed to dismiss Warden Day as a defendant in his individual capacity because Guillot had failed to plead actions attributable to Day which articulate the violation of a clearly established federally protected right. Supervisory officials like Warden Day are not liable for the actions of subordinates on a theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor will have personal

liability only if he is personally involved in the constitutional deprivation, or if there is a sufficient causal connection between the supervisor's conduct and the violation.  <u>Id.</u> at 304. Guillot has not stated a valid claim of denial of access to the courts against Day, nor has he alleged that Day retaliated against him.  Accordingly, the magistrate judge erred in failing to dismiss Day in his individual capacity.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED for further proceedings consistent with this opinion, including dismissal of Warden Day in his individual capacity.